APPENDIX G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JANICE A. GOINS

       V.

McCABE, WEISBERG & CONWAY,
    et al.

: :
: :
: :
: :
: :
: :

Civil Action
No: _____

### DISCLOSURE STATEMENT FORM

Please check one box:

☒       The nongovernmental corporate party, _McCabe, Weisberg & Conway, P.C._
, in the above listed civil action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

❑       The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and
publicly held corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

_11/26/12_____            _____
Date                                      Signature

                Counsel for:     _Defendant_____

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a)     WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file
two copies of a disclosure statement that:

       (1)     identifies any parent corporation and any publicly held corporation
owning 10% or more of its stock; or

       (2)     states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:

       (1)     file the disclosure statement with its first appearance, pleading,
petition, motion, response, or other request addressed to the court;
and

       (2)     promptly file a supplemental statement if any required information
changes.

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JANICE A. GOINS

## DEFENDANTS

McCABE, WEISBERG & CONWAY, PC.
METLIFE HOME LOANS

**(b)** County of Residence of First Listed Plaintiff  Contra Costa Cnty, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Phila.
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
M. Tiernan & Comboy, LLC
1845 Walnut St., 5th Flr, Phila, PA 19103

Attorneys *(If Known)*  Jos. F. Rigg  (215) 790-1010
McCABE, WEISBERG & CONWAY
123 S. Broad #1400, Phila, PA 19109

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                                        | PTF | DEF |                                                         | PTF | DEF |
|--------------------------------------------------------|-----|-----|---------------------------------------------------------|-----|-----|
| Citizen of This State                                  | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State                               | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country                | ☐ 3 | ☐ 3 | Foreign Nation                                          | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*  15 USC §§1692 et seq

Brief description of cause:  FCRA and ancillary claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  Removed from CCP, Phila cty.

JUDGE

DOCKET NUMBER  121101270

DATE  11/26/12

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

JANICE A. GOINS : CIVIL ACTION

v.

McCABE, WEISBERG & CONWAY, PC, : NO.
et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through § 2255.                  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 11/26/12 | Joseph F. Riga | Defendant |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 790-1010 | (215) 790-1274 | jriga@mwc-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _3925 MacMurtry Ct., Martinez, CA 94553_

Address of Defendant: _123 S. Broad St. ste 1400 Philadelphia, PA 19109_

Place of Accident, Incident or Transaction: _Phila., PA_

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☑

Does this case involve multidistrict litigation possibilities?    Yes☐ No☑

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify) _FDCPA_

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION

(Check Appropriate Category)

I, _Jos. F. Riga_, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _11/26/12_     _____ Attorney-at-Law     _57716_ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11/26/12_     _____ Attorney-at-Law     _57716_ Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE A. GOINS,<br><br>     Plaintiff,<br><br>v.<br><br>METLIFE HOME LOANS, A DIVISION OF<br>METLIFFE BANK, N.A., and McCABE,<br>WEISBERG AND CONWAY, P.C.<br><br><br>     Defendants. | Originally filed in:<br><br>COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY<br><br>State Docket No. 121101270<br><br><br><br>CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL OF ACTION (28 U.S.C. Section 1446(b)(3))

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

   McCabe, Weisberg and Conway, P.C. ("Defendant") has been named as a defendant in a civil complaint filed on or about November 13, 2012 in the Court of Common Pleas for Philadelphia County, Pennsylvania.   Pursuant to the provision of Section 1441 and 1446 of Title 28 of the United States Code, Defendant removes this action to the United States District Court for the Eastern District of Pennsylvania, which is the judicial district in which the action is pending.

   2.  The grounds for removal of this action are:

     a.   This is a civil action in which the District Courts of the United States have been given original jurisdiction over the primary claim of the plaintiff arising under the laws of the United States within the meaning of 28 U.S.C. §1331.

     b.   In particular, Plaintiff alleges a claim for relief under Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

     c.   This is an action over which this Court would have original jurisdiction had

it been filed initially in this Court, and removal to this Court is proper under the provisions of 28 U.S.C. §1441(c).

3.      This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b) as the Plaintiff's complaint was served on the Defendants on or about November 16, 2012.

4.      Pursuant to the provisions of 28 U.S.C. §1446(a), petitioners attach to this notice, and incorporate by reference, copies of the following papers, which are all of the process, pleadings and orders served on the Plaintiff and Defendant prior to this removal:

- Plaintiff's complaint, filed with the Court of Common Pleas, Philadelphia County, in November, 2012 (Marked and attached hereto as Exhibit "A").

2

Dated: Philadelphia, PA          McCABE, WEISBERG AND CONWAY, P.C.
      November 19, 2012          123 South Broad Street, Suite 1400
                                       Philadelphia, PA 19109
                                       (215) 790-1010

By:  /s/ Joseph F. Riga
          Joseph F. Riga
          PA 57716
          jriga@mwc-law.com

Counsel for Defendants, McCabe, Weisberg,
and Conway, P.C.

3

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**NOVEMBER 2012**

E-Filing Number: 1211019760

**001270**

| PLAINTIFF'S NAME | DEFENDANTS NAME |
|---|---|
| JANICE GOINS | METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A. |

| PLAINTIFF'S ADDRESS | DEFENDANTS ADDRESS |
|---|---|
| 3925 MACMURTRY COURT MARTINEZ CA 94553 | 3900 CAPITAL CITY BOULEVARD LANSING MI 48906 |

| PLAINTIFF'S NAME | DEFENDANTS NAME |
|---|---|
| | MCCABE WEISBERG AND CONWAY, PC. |

| PLAINTIFF'S ADDRESS | DEFENDANTS ADDRESS |
|---|---|
| | 123 SOUTH BROAD STREET SUITE 2080 PHILADELPHIA PA 19109 |

| PLAINTIFF'S NAME | DEFENDANTS NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANTS ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>[X] More than $50,000.00 | ☐ Arbitration<br>[X] Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

4F - FRAUD

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** NOV **13** 2012 **S. GARRETT** | IS CASE SUBJECT TO COORDINATION ORDER?    YES    NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:    JANICE GOINS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| THOMAS MORE MARRONE | 1845 WALNUT STREET 15TH FLOOR PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 609-1350 | (215) 609-1351 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 49463 | tmarrone@cbmclaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *THOMAS MORE MARRONE* | Tuesday, November 13, 2012, 04:56 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

CAROSELLI BEACHLER
McTIERNAN & CONBOY, LLC
By: THOMAS MORE MARRONE, ESQUIRE
ATTY. IDENTIFICATION NO. 49463
By: RICHARD C. DE FRANCESCO, ESQUIRE
ATTY. IDENTIFICATION NO. 87902
1845 WALNUT STREET, FIFTEENTH FLOOR
PHILADELPHIA, PA 19103
(215) 609-1350/(FAX) 1351
TMARRONE@CBMCLAW.COM

ATTORNEYS FOR PLAINTIFF
JANICE A. GOINS

*[court filing stamp: Filed and Attested by PROTHONOTARY 13 NOV 2012 04:56 pm S. GARRETT]*

---

JANICE A. GOINS,
           Plaintiff,

      v.

METLIFE HOME LOANS, A DIVISION
OF METLIFE BANK, N.A., and
McCABE, WEISBERG AND CONWAY,
P.C.
          Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY

NOVEMBER TERM, 2012
No.

JURY TRIAL DEMANDED

---

## NOTICE TO DEFEND

### NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-1701

Case ID: 121101270

CAROSELLI BEACHLER
McTIERNAN & CONBOY, LLC
By: THOMAS MORE MARRONE, ESQUIRE
ATTY. IDENTIFICATION NO. 49463
By: RICHARD C. DE FRANCESCO, ESQUIRE
ATTY. IDENTIFICATION NO. 87902
1845 WALNUT STREET, FIFTEENTH FLOOR
PHILADELPHIA, PA 19103
(215) 609-1350/(FAX) 1351
TMARRONE@CBMCLAW.COM

ATTORNEYS FOR PLAINTIFF
JANICE A. GOINS

| | |
|---|---|
| JANICE A. GOINS, <br> 3925 MacMurtry Court, <br> Martinez, California 94553, <br>        Plaintiff, <br><br>     v. <br><br> METLIFE HOME LOANS, A DIVISION <br> OF METLIFE BANK, N.A., <br> 3900 Capital City Boulevard <br> Lansing, Michigan 48906, <br>         & <br> McCABE, WEISBERG AND CONWAY, <br> P.C. <br> 123 South Broad Street, Suite 2080 <br> Philadelphia, Pennsylvania 19109, <br>        Defendants. | COURT OF COMMON PLEAS OF <br> PHILADELPHIA COUNTY <br><br> NOVEMBER TERM, 2012 <br> No. <br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### NATURE OF ACTION

This is an action against a lender and its chosen counsel for violations of the Pennsylvania Fair Credit Extension Uniformity Act, violations of the Fair Debt Collection Practices Act, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, credit defamation, and negligence arising from the defendants' reporting of an in rem judgment against the estate of a borrower as a personal judgment against the plaintiff, a non-debtor.

Case ID: 121101270

**PARTIES**

1.      Plaintiff, Janice A. Goins, is an adult individual and citizen of the State of California who resides at 3925 MacMurtry Court, Martinez, California 94553.

2.      At all times relevant hereto, Janice Goins was the Administratrix of the Estate of Maxey Lee, deceased, Mortgagor and Real Owner of the premises located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151.

3.      Defendant, MetLife Home Loans, A Division of MetLife Bank, N.A., is a financial institution duly organized and doing business at the above-captioned address.

4.      At all times relevant hereto, MetLife was the mortgage holder for the property owned by Maxey Lee, located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151.

5.      Defendant, McCabe, Weisberg and Conway, P.C., is a Pennsylvania corporation that is a law firm, with a principle place of business located at 123 South Broad Street, Suite 2080, Philadelphia, Pennsylvania 19109.

6.      At all times relevant hereto, McCabe Weisberg was retained by, and acted on behalf of, MetLife to pursue a mortgage foreclosure action against Maxey Lee relating to the premises located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151.

**FACTUAL BACKGROUND**

7.      Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

8.      Janice Goins is the daughter of Maxey Lee, deceased.

9.      Maxey Lee died on July 23, 2010.

10.     On January 4, 2010, Maxey Lee executed and delivered a mortgage on the premises located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151 to Genworth Financial Home Equity Access, Inc., formerly known as Liberty Reverse Mortgage, Inc., which

2

was recorded in the Office of the Recorder of Philadelphia County in Mortgage Instrument No. 52164962.

11.     Genworth Financial thereafter assigned the mortgage of Maxey Lee to MetLife, by assignment of Mortgage which was recorded in the Office of the Recorder of Philadelphia County.

12.     On August 3, 2011, MetLife filed a foreclosure action in the Philadelphia County Court of Common Pleas against Janice Goins as the Administratrix of the Estate of Maxey Lee because the mortgage was in default. A true and correct copy of the Civil Action/Mortgage Foreclosure Complaint is attached hereto as Exhibit "A."

13.     The foreclosure complaint was drafted and filed by Kevin McQuail, Esquire of the McCabe Weisberg law firm. *See* Exhibit "A."

14.     MetLife specifically stated in the foreclosure Complaint that it was not seeking to hold Janice Goins personally liable for the debt and that it released her from any personal liability. *See* Exhibit "A" at ¶ 10.

15.     MetLife was only seeking to foreclosure on the property, and sought an in rem judgment in the amount of $60,377.69, plus interest and costs. *See* Exhibit "A" at *ad damnum* clause on P.4.

16.     On October 20, 2011, MetLife took a default judgment in the foreclosure action in the amount of $61,755.41.  A true and correct copy of Notice of Judgment is attached hereto as Exhibit "B" and incorporated by reference herein.

17.     The Notice of Judgment and the Assessment of Damages and Entry of Judgment was drafted and filed by Margaret Gairo, Esquire of the McCabe Weisberg law firm. *See* Exhibit "B."

3

18.    The Assessment of Damages and Entry of Judgment filed by McCabe Weisberg on behalf of MetLife does *not*, however, state that the judgment is only to be an in rem judgment, contrary to the foreclosure complaint.

19.    On November 23, 2011, MetLife filed a Praecipe For Writ of Execution regarding the above judgment.

20.    On December 2, 2011, MetLife served a Notice of Sale on Janice Goins.

21.    To date, MetLife has not scheduled the subject property for a Sheriff's Sale.

22.    On March 14, 2012, as part of the process of buying a new home, Janice Goins learned that MetLife had reported the in rem judgment relating to the subject property as a personal judgment against her, and that the judgment amount appears on her personal credit report.

23.    The aforesaid judgment is erroneously being reported by all three major credit reporting agencies due to the actions of MetLife and McCabe Weisberg.

## COUNT ONE

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA") 73 P.S. §§ 2270.1 – 2270.6

### PLAINTIFF V. ALL DEFENDANTS

24.    Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

25.    At all times relevant hereto, Defendant MetLife was and is a creditor pursuant to the terms of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") 73 P.S. §§ 2270.1 – 2270.6.

26.    At all times relevant hereto, Defendant McCabe Weisberg was and is a debt collector under the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") 73 P.S. §§ 2270.1 – 2270.6.

4

27.     Defendants have violated the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") 73 P.S. §§ 2270.1 – 2270.6, by falsely reporting to all three major credit reporting agencies that the mortgage foreclosure judgment of Maxey Lee relating to the property located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151 in the amount of $61,755.41 is a judgment against and the personal obligation of Janice Goins.

28.     Upon information and belief this false information has been reported by defendants with malice or willful intent to injure the plaintiff.

29.     As a direct and proximate result of defendants' false reporting of the aforesaid judgment, Janice Goins has suffered and continues to suffer injury to her credit and has been turned down by creditors for at least two loans.

WHEREFORE, Plaintiff, Janice A. Goins, hereby demands judgment against Defendants, MetLife Home Loans, A Division of MetLife Bank, N.A., and McCabe, Weisberg and Conway, P.C., for statutory, compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with statutory interest, attorneys' fees, costs, and such other relief as the Court deems proper.

### COUNT TWO

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. §§ 1692 – 1692P

### PLAINTIFF V. DEFENDANT MCCABE WEISBERG

30.     Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

31.     At all times relevant hereto, defendant McCabe Weisberg was a debt collector in connection with the foreclosure of the mortgage of Maxey Lee.

32.     Defendant, McCabe Weisberg has violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692 – 1692p, by intentionally taking a personal judgment against

5

Janice Goins -- a non-debtor -- in the amount of $61,755.41 relating to the property located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151, and by not taking an in rem judgment as set forth in the mortgage foreclosure complaint.

33.     Upon information and belief defendant acted with malice or willful intent to injure the plaintiff.

34.     As a direct and proximate result of defendant's erroneous judgment, Janice Goins has suffered and continues to suffer injury to her credit and has been turned down by creditors for two loans.

WHEREFORE, Plaintiff, Janice A. Goins, hereby demands judgment against Defendant, McCabe, Weisberg and Conway, P.C., for statutory, compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with statutory interest, attorneys' fees, costs, and such other relief as the Court deems proper.

## COUNT THREE

### VIOLATION OF PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

### PLAINTIFF v. ALL DEFENDANTS

35.     Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

36.     At all times relevant hereto, there was in effect the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1 *et seq.* ("UTPCPL").

37.     Plaintiff is a consumer within the meaning of the Unfair Trade Practices and Consumer Protection Law.

38.     Section 3 of the UTPCPL, 73 Pa. Cons. Stat. § 201-3, provides, in pertinent part:

"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by sub-clauses (i) through (xxi) of Clause (4) of Section 2 of this act. . . are hereby declared unlawful."

6

Case ID: 121101270

39.   Section 2 of the UTPCPL, 73 Pa. Cons. Stat. § 201-2, provides, in pertinent part:

"UNFAIR METHODS OF COMPETITION" and "UNFAIR OR DECEPTIVE ACTS OR PRACTICES" mean any one or more of the following:

(xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

40.   In violating the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") 73 P.S. §§ 2270.1 – 2270.6, and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692 – 1692p, as set forth above, Defendants, by and through their agents, servants, workmen, and employees, have engaged in unfair methods of competition and/or deceptive conduct that is prohibited by the UTPCPL.

41.   In violating the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") 73 P.S. §§ 2270.1 – 2270.6, and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692 – 1692p, as set forth above, Defendants, by and through their agents, servants, workmen, and employees, have committed a *per se* violation of the UTPCPL.

42.   As a direct and proximate result of Defendants unfair and deceptive conduct as stated above, Plaintiff has suffered an ascertainable loss of money.  Plaintiff is therefore entitled to relief, up to and including treble damages and/or $100 per violation of the UTPCPL, whichever is greater, costs of suit, and attorneys' fees pursuant to 73 Pa. Cons. Stat. § 201-9.2.

WHEREFORE, Plaintiff, Janice A. Goins, hereby demands judgment against Defendants, MetLife Home Loans, A Division of MetLife Bank, N.A., and McCabe, Weisberg and Conway, P.C., for statutory, compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with statutory interest, attorneys' fees, costs, and such other relief as the Court deems proper.

7

### COUNT FOUR

### DEFAMATION OF CREDIT

### PLAINTIFF v. ALL DEFENDANTS

43.     Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

44.     By falsely reporting to all three major credit reporting agencies that the mortgage foreclosure judgment relating to the property located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151 in the amount of $61,755.41 is a judgment against and the personal obligation of Janice Goins, defendants have defamed the plaintiff's credit.

45.     By taking a personal judgment against Janice Goins -- a non-debtor -- in the amount of $61,755.41 relating to the property located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151, and by not taking an in rem judgment as set forth in the mortgage foreclosure complaint, defendants have defamed the plaintiff's credit.

46.     Upon information and belief defendants acted with malice or willful intent to injure the plaintiff.

47.     As a direct and proximate result of defendants' defamation of plaintiff's credit, Janice Goins has suffered and continues to suffer injury to her credit and has been turned down by creditors for at least two loans.

WHEREFORE, Plaintiff, Janice A. Goins, hereby demands judgment against Defendants, MetLife Home Loans, A Division of MetLife Bank, N.A., and McCabe, Weisberg and Conway, P.C., for statutory, compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with statutory interest, attorneys' fees, costs, and such other relief as the Court deems proper.

Case ID: 121101270

## COUNT FIVE

### NEGLIGENCE

### PLAINTIFF v. ALL DEFENDANTS

48.     Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

49.     At all relevant times, defendants owed a duty to the plaintiff to exercise reasonable and ordinary care in the taking of the in rem judgment relating to the mortgage foreclosure action for the property located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151.

50.     Defendants breached their duties to the plaintiff by taking a personal judgment against Janice Goins -- a non-debtor -- in the amount of $61,755.41 relating to the property located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151, and by not taking an in rem judgment as set forth in the mortgage foreclosure complaint.

51.     Defendants also breached their duties to the plaintiff by falsely reporting to all three major credit reporting agencies that the mortgage foreclosure judgment of Maxey Lee relating to the property located at 1835 North 60th Street, Philadelphia, Pennsylvania 19151 in the amount of $61,755.41 is a judgment against and the personal obligation of Janice Goins.

52.     As a direct and proximate result of defendants' negligence, Janice Goins has suffered and continues to suffer injury to her credit and has been turned down by creditors for at least two loans.

WHEREFORE, Plaintiff, Janice A. Goins, hereby demands judgment against Defendants, MetLife Home Loans, A Division of MetLife Bank, N.A., and McCabe, Weisberg and Conway, P.C., for statutory, compensatory and punitive damages in an amount in excess of Fifty

Case ID: 121101270

Thousand Dollars ($50,000.00), together with statutory interest, attorneys' fees, costs, and such other relief as the Court deems proper.

CAROSELLI BEACHLER MCTIERNAN & CONBOY

_/S/ Thomas More Marrone_
THOMAS MORE MARRONE, ESQUIRE
RICHARD C. DeFRANCESCO, ESQUIRE
ATTORNEYS FOR PLAINTIFF
JANICE A. GOINS

DATED: NOVEMBER 13, 2012

Case ID: 121101270

**VERIFICATION**

I, Janice A. Goins, Plaintiff in the within action, verify that I am acquainted with the facts and information set forth in the foregoing Civil Action Complaint, and that the same are true and correct to the best of my knowledge, information and belief.  This Verification is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Janice A. Goins

Date: 11/9/____, 2012

# Exhibit "A"

Case ID: 121101270



**McCABE, WEISBERG AND CONWAY, P.C.**
BY:   TERRENCE J. McCABE, ESQUIRE - ID # 16496                      **Attorneys for Plaintiff**
      MARC S. WEISBERG, ESQUIRE - ID # 17616
      EDWARD D. CONWAY, ESQUIRE - ID # 34687
      MARGARET GAIRO, ESQUIRE - ID # 34419
      ANDREW L. MARKOWITZ, ESQUIRE - ID # 28009
      HEIDI R. SPIVAK, ESQUIRE - ID #74770
      MARISA J. COHEN, ESQUIRE - ID # 87830
      KEVIN T. MCQUAIL, ESQUIRE - ID # 307169
      CHRISTINE L. GRAHAM, ESQUIRE - ID # 309480
      BRIAN T. LAMANNA, ESQUIRE - ID # 310321
123 South Broad Street, Suite 2080
Philadelphia, Pennsylvania 19109
(215) 790-1010

| | |
|---|---|
| MetLife Home Loans, A Division of MetLife Bank, N.A. 3900 Capital City Boulevard Lansing, Michigan 48906 <br><br> v. <br><br> Janice A. Goins, Administratrix of The Estate of Maxey Lee, Deceased Mortgagor and Real Owner 3925 MacMurtry Court Marinez, California 94553 | Philadelphia County Court of Common Pleas <br><br> Number |

CIVIL ACTION/MORTGAGE FORECLOSURE

Case ID: 110800592
Case ID: 121101270

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street
11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO.

SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street
11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

Case ID: 110800592
Case ID: 121101270

## CIVIL ACTION/MORTGAGE FORECLOSURE

1.      Plaintiff is MetLife Home Loans, A Division of MetLife Bank, N.A., duly organized and doing business at the above-captioned address.

2.      The Defendant is Janice A. Goins, Administratrix of The Estate of Maxey Lee, Deceased Mortgagor and Real Owner, of the mortgaged property hereinafter described, and his/her last-known address is 3925 MacMurtry Court, Marinez, California  94553.

3.      On January 4, 2010, Maxey Lee made, executed and delivered a mortgage upon the premises hereinafter described to Genworth Financial Home Equity Access, Inc., formerly known as Liberty Reverse Mortgage, Inc which mortgage is recorded in the Office of the Recorder of Philadelphia County in Mortgage Instrument No. 52164962.

4.      The aforesaid mortgage was thereafter assigned by Genworth Financial Home Equity Access, Inc., formerly known as Liberty Reverse Mortgage, Inc to MetLife Home Loans, A Division of MetLife Bank, N.A., by Assignment of Mortgage, recorded in the Office of the Recorder of Philadelphia County.

5.      On July 23, 2010, Maxey Lee departed this life. Letters Testamentary were granted to Janice A. Goins as Administratrix of the Estate of Maxey Lee, Deceased Mortgagor and Real Owner.

6.      The premises subject to said mortgage is described in the legal description attached as Exhibit "A" and is known as 1835 North 60th Street, Philadelphia, Pennsylvania 19151.

7.      The mortgage is in default because the defendant is deceased.

8.      The following amounts are due on the mortgage:

| | | |
|---|---|---|
| Principal Balance | $ | 52,000.01 |
| Interest through April 30, 2011 | $ | 4,148.89 |
| (Plus $8.01 per diem thereafter) | | |
| Attorney's Fee | $ | 1,250.00 |
| Service Fees | $ | 480.00 |
| Appraisals | $ | 325.00 |
| Inspections | $ | 105.00 |
| Mortgage Insurance Premiums (MIP) | $ | 2,068.79 |
| GRAND TOTAL | $ | 60,377.69 |

Case ID: 110800592
Case ID: 121101270

9.      Notice of Intention to Foreclose as required by Act 6 of 1974 (41 P.S. §403) and notice required by the Emergency Mortgage Assistance Act of 1983 as amended under 12 PA Code Chapter 13, et seq., commonly known as the Combined Notice of Delinquency has been sent to Defendant by regular mail with a certificate of mailing and by certified mail, return receipt requested. Copy of said notice is attached hereto and marked as Exhibit "B".

10.     Plaintiff does not hold the named Defendant personally liable on this cause of action and releases them from any personal liability.  This action is being brought to foreclose their interest in the aforesaid real estate only.

WHEREFORE, Plaintiff demands in rem Judgment against the Defendant in the sum of $60,377.69, together with interest at the rate of $8.01 per diem and other costs and charges collectible under the mortgage and for the foreclosure and sale of the mortgaged property. .

McCABE, WEISBERG AND CONWAY, P.C.

BY: _____
Kevin McQuail, Esquire
Attorney for Plaintiff

Case ID: 110800592
Case ID: 121101270

## VERIFICATION

The undersigned attorney hereby certifies that he/she is the Attorney for the Plaintiff in the within action, and that he/she is authorized to make this verification and that the foregoing facts based on the information from the Plaintiff's representative, who is out of jurisdiction and not available to sign this verification at this time, and are true and correct to the best of his/her knowledge, information and belief and further states that false statements herein are made subject to the penalties of 18 PA.C.S. §4904 relating to unsworn falsification to authorities.

McCABE, WEISBERG AND CONWAY, P.C.

BY: _____

Kevin McQuail, Esquire
Attorney for Plaintiff

MetLife Home Loans, A Division of MetLife Bank, N.A. v. Janice A. Goins, Administratrix of The Estate of Maxey Lee, Deceased Mortgagor and Real Owner

Case ID: 110800592

Case ID: 121101270

# TITLE SEARCH REPORT

### Legal Description

ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected,

SITUATE ON THE East side of Sixtieth Street at the distance of Sixty-eight feet Southward from the South side of Oxford Street in the 34th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Sixtieth Street Sixteen feet and extending of that width in length or depth Eastward between parallel lines at right angles to the said Sixtieth Street Ninety-six feet including on the rear end thereof of the soil of a certain Sixteen feet wide driveway which extends Northward into Oxford Street and narrows at its Northernmost end thereof to the width of Eight feet.

BEING 1835 North Sixtieth Street.

TOGETHER with the free and common use, right, liberty and privilege of the aforesaid driveway as and for a driveway and passageway at all times hereafter, forever in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof.

UNDER AND SUBJECT to certain restrictions as of record.

BEING the same premises which Edward J. O'Brien and Ada O'Brien, his wife, by Deed dated 10/23/1970 and recorded 10/30/1973 in the City of Philadelphia in Deed Book PLMcS 119 page 383 granted and conveyed unto Maxey Lee and Clordeen Lee, his wife, their heirs and assigns, as Tenants by the Entireties, in fee.

AND the said Clordeen Lee has since departed this life on __/__/__ whereby title to the said premises became vested unto Maxey Lee, her husband, by operation of law.

AND BEING the same premises which Maxey Lee, widower, by Deed dated 06/13/1988 and recorded 06/29/1988 in the City of Philadelphia in Deed Book FHS 1110 page 231 granted and conveyed unto Janice M. Lee, her heirs and assigns, in fee.

ALSO BEING the same premises which Janice M. Lee, by Deed dated 06/07/2008 and recorded 07/02/2008 in the City of Philadelphia in Document No. 51931094 granted and conveyed unto Maxey Lee, his heirs and assigns, in fee.

### Taxes

Parcel No.: 34-2-2005-00 Plot & Plan: 69N9-123

Assessment: $10,368.00

2011 Real Estate Tax: $955.74 Due

Water & Sewer Rents:

BASIS2 Account Number: 000622727
Meter is billed to: Maxey Lee
Trans Dated 03/23/2011 to 04/23/2011 Balance Due $93.19
Date of Last Reading: 04/23/2011

Payment of all taxes, charges or assessments levied and assessed against the subject premises, which are due and payable.

NOTE: please contact the necessary taxing authorities to obtain tax certifications for the status of current and prior taxes. If this is a sale, also contact the necessary authorities for water, sewer and municipal lien letters (as well as any other certificates, permits, etc. as required by the locality/municipality) to ascertain any amounts due/payable prior to closing.

Case ID: 110800592
Case ID: 121101270

McCabe, Weisberg & Conway, PC
PO Box 8025
Temecula, CA 92588-8025

Send Correspondence to:
McCabe, Weisberg & Conway, PC
123 South Broad Street
Suite 2080
Philadelphia, PA 19109

Janice A. Goins, Administratrix of The Estate of
Maxey Lee, Deceased Mortgagor and Real Owner
3925 Macmurtry Court
Martinez, CA 94553

20110002-32

PAACTC_FLAT



EXHIBIT B
Case ID: 110800592
Case ID: 121101270

7196 9006 9295 2269 1782

June 2, 2011

# COMBINED ACT 91/ ACT 6 NOTICE

# TAKE ACTION TO SAVE YOUR HOME FROM FORECLOSURE

*This is an official notice that the mortgage on your home is in default, and the lender intends to foreclose. Specific information about the nature of the default is provided in the attached pages.*

*The HOMEOWNER'S MORTGAGE ASSISTANCE PROGRAM (HEMAP) may be able to help to save your home. This Notice explains how the program works.*

*To see if HEMAP can help, you must MEET WITH A CONSUMER CREDIT COUNSELING AGENCY OR THE MORTGAGEE THAT SENDS THIS NOTICE WITHIN 33 DAYS OF THE DATE OF THIS NOTICE. Take this Notice with you when you meet with the Counseling Agency.*

*The name, address and phone number of Consumer Credit Counseling Agencies serving your County are listed at the end of this Notice. If you have any questions, you may call the Pennsylvania Housing Finance Agency toll free at 1-800-342-2397. (Persons with impaired hearing can call (717) 780-1869).*

This Notice contains important legal information. If you have any questions, representatives at the Consumer Credit Counseling Agency may be able to help explain it. You may also want to contact an attorney in your area. The local bar association may be able to help you find a lawyer.

LA NOTIFICACION EN ADJUNTO ES DE SUMA IMPORTANCIA, PUES AFECTA SU DERECHO A CONTINUAR VIVIENDO EN SU CASA. SI NO COMPRENDE EL CONTENIDO DE ESTA NOTIFICACION OBTENGA UNA TRADUCCION INMEDITAMENTE AL LAMARD A ESTA AGENCIA (PENNSYLVANIA HOUSING FINANCE AGENCY) SIN CARGOS AL NUMERO MENCIONADO ARRIBA. USTED PUEDES SER ELEGIBLE PARA UN PRESTAMO POR EL PROGRAMA LLAMADO "HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM" EL CUAL PUEDE SALVAR SU CASA DE LA PERDIDA DEL DERECHO A REDIMIR SU HIPOTECA.



Case ID: 110800592
Case ID: 121101270

HOMEOWNER'S NAME(S): Estate of Maxey Lee

PROPERTY ADDRESS:  1835 North 60th Street
Philadelphia, PA 19151

LOAN ACCT. NO.:  R1042042

ORIGINAL LENDER:  Metlife Home Loans, A
Division of Metlife Bank, N.A.

CURRENT LENDER/SERVICER:  Metlife Home
Loans, A Division of Metlife Bank, N.A.

## HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM

### *YOU MAY BE ELIGIBLE FOR FINANCIAL ASSISTANCE WHICH CAN SAVE YOUR HOME FROM FORECLOSURE*

IF YOU COMPLY WITH THE PROVISIONS OF THE HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE ACT OF 1983 (THE "ACT"), YOU MAY BE ELIGIBLE FOR EMERGENCY MORTGAGE ASSISTANCE:

* IF YOUR DEFAULT HAS BEEN CAUSED BY CIRCUMSTANCES BEYOND YOUR CONTROL,

* IF YOU HAVE A REASONABLE PROSPECT OF BEING ABLE TO PAY YOUR MORTGAGE PAYMENTS, AND

* IF YOU MEET OTHER ELIGIBILITY REQUIREMENTS ESTABLISHED BY THE PENNSYLVANIA HOUSING FINANCE AGENCY.

*TEMPORARY STAY OF FORECLOSURE*--Under the Act, you are entitled to a temporary stay of foreclosure on your mortgage for thirty-three (33) days from the date of this Notice. During that time you must arrange and attend a "face-to-face" meeting with one of the consumer credit counseling agencies listed at the end of this Notice or the mortgagee that sends this notice. *THIS MEETING MUST OCCUR WITHIN THE NEXT (33) DAYS. IF YOU DO NOT APPLY FOR EMERGENCY MORTGAGE ASSISTANCE, YOU MUST BRING YOUR MORTGAGE UP TO DATE. THE PART OF THIS NOTICE CALLED "HOW TO CURE YOUR MORTGAGE DEFAULT", EXPLAINS HOW TO BRING YOUR MORTGAGE UP TO DATE.*

*CONSUMER CREDIT COUNSELING AGENCIES*--If you meet with one of the consumer credit counseling agencies listed at the end of this notice, the lender may NOT take action against you for thirty-three (33) days after the date of this meeting. *The names, addresses and telephone numbers of designated consumer credit counseling agencies for the county in which the property is located are set forth at the end of this Notice.* It is only necessary to schedule one face-to-face meeting. Advise your lender *immediately* of your intentions.

*APPLICATION FOR MORTGAGE ASSISTANCE*--Your mortgage is in default for the reasons set forth later in this Notice (see following pages for specific information about the



Case ID: 110800592
Case ID: 121101270

nature of your default.) If you have tried and are unable to resolve this problem with the lender, you have the right to apply for financial assistance from the Homeowner's Emergency Mortgage Assistance Program. To do so, you must fill out, sign and file a completed Homeowner's Emergency Assistance Program Application with one of the designated consumer credit counseling agencies listed at the end of this Notice. Only consumer credit counseling agencies have applications for the program and they will assist you in submitting a complete application to the Pennsylvania Housing Finance Agency. Your application MUST be filed or postmarked within thirty-three (33) days of your face-to-face meeting.

**YOU *MUST* FILE YOUR APPLICATION PROMPTLY. IF YOU FAIL TO DO SO OR IF YOU DO NOT FOLLOW THE OTHER TIME PERIODS SET FORTH IN THIS LETTER, FORECLOSURE MAY PROCEED AGAINST YOUR HOME IMMEDIATELY AND YOUR APPLICATION FOR MORTGAGE ASSISTANCE WILL BE DENIED.**

*AGENCY ACTION*--Available funds for emergency mortgage assistance are very limited. They will be disbursed by the Agency under the eligibility criteria established by the Act. The Pennsylvania Housing Finance Agency has sixty (60) days to make a decision after it receives your application. During that time, no foreclosure proceedings will be pursued against you if you have met the time requirements set forth above. You will be notified directly by the Pennsylvania Housing Finance Agency of its decision on your application.

NOTE: IF YOU ARE CURRENTLY PROTECTED BY THE FILING OF A PETITION IN BANKRUPTCY, THE FOLLOWING PART OF THIS NOTICE IS FOR INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED AS AN ATTEMPT TO COLLECT THE DEBT.
(If you have filed bankruptcy you can still apply for Emergency Mortgage Assistance.)

### *HOW TO CURE YOUR MORTGAGE DEFAULT (Bring it up to date).*

*NATURE OF THE DEFAULT*--The MORTGAGE debt held by the above lender on your property located at: 1835 North 60th Street Philadelphia, PA 19151 IS SERIOUSLY IN DEFAULT because:

This is a Reverse Mortgage and loan is in default due to Death of the Record Owner. Mortgage must now be paid in full. The following amount is now due:  $52,000.01 For Principal, $4,148.89 For Interest, $2,068.79 For MIP, $480.00 For Service Fees, $325.00 For Appraisal & $105.00 For Inspections

Other charges: $0.00

Other fees may have accrued on your account.

**TOTAL AMOUNT PAST DUE: $59,127.69**

*HOW TO CURE THE DEFAULT*--You may cure the default within THIRTY-THREE (33) DAYS of the date of this notice **BY PAYING THE TOTAL AMOUNT PAST DUE TO THE LENDER, WHICH IS $59,127.69, PLUS ANY MORTGAGE INTEREST AND LATE**

Case ID: 110800592
Case ID: 121101270

CHARGES WHICH BECOME DUE DURING THE THIRTY-THREE (33) DAY PERIOD. *Payments must be made either by cash, cashier's check, certified check or money order made payable and sent to:*

Metlife Home Loans, A Division of Metlife Bank, N.A.

3900 Capital City Boulevard

Lansing, MI 19140

*IF YOU DO NOT CURE THE DEFAULT*--If full payment of the total amount past due is not made within THIRTY-THREE (33) DAYS, the lender intends to instruct its attorneys to start legal action to *foreclose upon your mortgaged property.*

*IF THE MORTGAGE IS FORECLOSED UPON*--The mortgaged property will be sold by the Sheriff to pay off the mortgage debt. If the lender refers your case to its attorneys, but you cure the delinquency before the lender begins legal proceedings against you, you will still be required to pay the reasonable attorney's fees that were actually incurred, up to $50.00. However, if legal proceedings are started against you, you will have to pay all reasonable attorney's fees actually incurred by the lender even if they exceed $50.00. Any attorney's fees will be added to the amount you owe the lender, which may also include other reasonable costs. *If you cure the default within the THIRTY-THREE (33) DAY period, you will not be required to pay attorney's fees.*

*OTHER LENDER REMEDIES*--The lender may also sue you personally for the unpaid principal balance and all other sums due under the mortgage.

*RIGHT TO CURE THE DEFAULT PRIOR TO SHERIFF'S SALE*--If you have not cured the default within the THIRTY-THREE (33) DAY period and foreclosure proceedings have begun, *you still have the right to cure the default and prevent the sale at any time up to one hour before the Sheriff's Sale. You may do so by paying the total amount then past-due, plus any late or other charges then due, reasonable attorney's fees and costs connected with the foreclosure sale and any other costs connected with the Sheriff's Sale as specified in writing by the lender and by performing any other requirements under the mortgage.* **Curing your default in the manner set forth in this notice will restore your mortgage to the same position as if you had never defaulted.**

*EARLIEST POSSIBLE SHERIFF'S SALE DATE*--It is estimated that the earliest date that such a Sheriff's Sale of the mortgaged property could be held would be **approximately FIVE months from the date of this Notice.** A notice of the actual date of the Sheriff's Sale will be sent to you before the sale. Of course, the amount needed to cure the default will increase the longer you wait. You may find out at any time exactly what the required payment or action will be by contacting the lender.

*HOW TO CONTACT THE LENDER:*



Case ID: 110800592<br>Case ID: 121101270

Name of Lender:  Metlife
Home Loans, A Division of
Metlife Bank, N.A.

Address:  3900 Capital City
Boulevard, Lansing, MI 19140

Phone Number:  1-517-323-4134,
1335

Fax Number:

Contact Person:  Stacie Garcia

***EFFECT OF SHERIFF'S SALE***--You should realize that a Sheriff's Sale will end your
ownership of the mortgaged property and your right to occupy it. If you continue to live in the
property after the Sheriff's Sale, a lawsuit to remove you and your furnishings and other
belongings could be started by the lender at any time.

***ASSUMPTION OF MORTGAGE***--You ____ may or **XX** may not sell or transfer your home to
a buyer or transferee who will assume the mortgage debt, provided that all the outstanding
payments, charges and attorney's fees and costs are paid prior to or at the sale and that the other
requirements of the mortgage are satisfied.

### YOU MAY ALSO HAVE THE RIGHT:

* TO SELL THE PROPERTY TO OBTAIN MONEY TO PAY OFF THE MORTGAGE DEBT
OR TO BORROW MONEY FROM ANOTHER LENDING INSTITUTION TO PAY OFF
THIS DEBT.

* TO HAVE THIS DEFAULT CURED BY ANY THIRD PARTY ACTING ON YOUR
BEHALF.

* TO HAVE THE MORTGAGE RESTORED TO THE SAME POSITION AS IF NO
DEFAULT HAD OCCURRED, IF YOU CURE THE DEFAULT. (HOWEVER, YOU DO NOT
HAVE THIS RIGHT TO CURE YOUR DEFAULT MORE THAN THREE TIMES IN ANY
CALENDAR YEAR.)

* TO ASSERT THE NONEXISTENCE OF A DEFAULT IN ANY FORECLOSURE
PROCEEDING OR ANY OTHER LAWSUIT INSTITUTED UNDER THE MORTGAGE
DOCUMENTS,

* TO ASSERT ANY OTHER DEFENSE YOU BELIEVE YOU MAY HAVE TO SUCH
ACTION BY THE LENDER.

* TO SEEK PROTECTION UNDER THE FEDERAL BANKRUPTCY LAW.



Case ID: 110800592
Case ID: 121101270

FOR CONSUMER CREDIT COUNSELING AGENCIES SERVING YOUR COUNTY,
PLEASE SEE THE ATTACHED LIST.

SENT VIA REGULAR AND
CERTIFIED MAIL NUMBER
RETURN RECEIPT REQUESTED

DATE: June 2, 2011

McCabe, Weisberg & Conway, P.C.
for Celink



Case ID: 110800592
Case ID: 121101270

**PHILADELPHIA County**
Acorn Housing Corporation
846 North Broad Street
Philadelphia, PA 19130
215.765.1221
Advocates for Financial Independence
1806 South Broad Street
Philadelphia, PA 19145
Suite 1 B
215.389.2810
American Credit Counseling Institute
845 Coates Street
Coatesville, PA 19320
888.212.6741
888.212.6741
American Credit Counseling Institute
530 West Street Road
Warminster, PA 18974
Suite 201
215.444.9429
888.212.6741
American Financial Counseling Services
175 Trafford Avenue
Wayne, PA 19087
Suite One
267.228.7903
800.490.3039
American Financial Counseling Services
1917 Welsh Road
Philadelphia, PA 19115
267.228.7903
APM
2147 North Sixth Street
Philadelphia, PA 19122
215.235.6788
Carroll Park Community Council, Inc.
5218 Master Street
Philadelphia, PA 19131
215.877.1157
CCCS of Delaware Valley
1608 Walnut Street
Philadelphia, PA 19107
10th Floor
215.563.5665
CCCS of Delaware Valley
One Cherry Hill
Cherry Hill, PA 08002
Suite 215
215.563.5665
CCCS of Delaware Valley
Catholic Social Services Building
Philadelphia, PA 19136
7340 Jackson Street
215.563.5665
Centro Pedro Claver, Inc.



627 West Erie Avenue
Philadelphia, PA 19140
215.227.7111
Chester Community Improvement Project
412 Avenue of the States
Chester, PA 19016
PO Box 541
610.876.8663
Congreso
216 West Somerset Street
Philadelphia, PA 19133
215.763.8870
Council of Spanish Speaking Organization
705-09 North Franklin Street
Philadelphia, PA 19123
215.627.3100
Diversified Community Services
Dixon House
Philadelphia, PA 19146
1920 South 20th Street
215.336.3811
Esperanza
4261 North 5th Street
Philadelphia, PA 19140
215.324.0746
FOB CDC
1201 West Olney Avenue
Philadelphia, PA 19141
215.549.8755
Germantown Settlement
5538 Wayne Avenue
Philadelphia, PA 19144
Bldg C
215.849.3104
HACE
167 W. Allegheny Avenue
Philadelphia, PA 19140
2nd Fl
215.426.8025
Hispanic Alliance for Community Advancement
2740 North Front Street
Philadelphia, PA 19133
215.667.8932
Housing Association of Delaware Valley
1500 Walnut Street
Philadelphia, PA 19102
Suite 501
215.545.6010
Housing Association of Delaware Valley
658 North Watts Street
Philadelphia, PA 19123
215. 978.0224
Intercultural Family Services, Inc.
4225 Chestnut Street
Philadelphia, PA 19104
215.386.1298
Korean Community Development Services Center
6055 North 5th Street
Philadelphia, PA 19120
215.276.8830
Liberty Resources
714 Market Street
Philadelphia, PA 19106
Suite 100
215.634.2000
Mt. Airy, USA
6703 Germantown Avenue
Philadelphia, PA 19119
Suite 200



215.844.6021
New Kensington Community Development Corp
2515 Frankford Avenue
Philadelphia, PA 19125
215.427.0350
Northwest Counseling Service
5001 North Broad Street
Philadelphia, PA 19141
215.324.7500
Phila Council For Community Advmnt
100 North 17th Street
Philadelphia, PA 19103
Suite 600
215.567.7803
800.930.4663
Philadelphia Senior Center
509 South Broad Street
Philadelphia, PA 19147
215.546.5879
South Philadelphia H.O.M.E.S.
1444 Point Breeze Avenue
Philadelphia, PA 19146
215.334.4430
Southwest Community Development Corporation
6328 Paschall Avenue
Philadelphia, PA 19142
215.729.0800
The Partnership CDC
4020 Market Street
Philadelphia, PA 19104
Suite 100
215.662.1612
United Communities Southeast Philadelphia
2029 South 8th Street
Philadelphia, PA 19148
215.467.8700
Urban League of Philadelphia
1818 Market Street
Philadelphia, PA 19103
20th Floor
215.561.6070
West Oak Lane CDC
8250 Limekiln Pike
Philadelphia, PA 19141
215.224.0880



# Exhibit "B"

Case ID: 121101270

OFFICE OF THE PROTHONOTARY
COURT OF COMMON PLEAS
City Hall, Rm 284, Philadelphia, Pennsylvania 19106

Joseph H. Evers
Prothonotary

To:   Janice A. Goins, Administratrix of The Estate of Maxey Lee, Deceased Mortgagor and Real Owner
925 MacMurtry Court
Marinez, California 94553

| | |
|---|---|
| MetLife Home Loans, A Division of MetLife Bank, N.A. | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| Plaintiff | |
| v. | August Term 2011 No. 00592 |
| Janice A. Goins, Administratrix of The Estate of Maxey Lee, Deceased Mortgagor and Real Owner | |
| Defendant | |

**NOTICE**

Pursuant to Rule 236, you are hereby notified that a JUDGMENT has been entered in the above proceeding

as indicated below.

Prothonotary

___X___   Judgment by Default

_____   Money Judgment

_____   Judgment in Replevin

_____   Judgment for Possession

If you have any questions concerning this Judgment, please call McCabe, Weisberg and Conway,

P.C. at (215) 790-1010.

Case ID: 110800592
Case ID: 121101270

McCABE, WEISBERG AND CONWAY, P.C.                              **Attorneys for Plaintiff**
BY:    TERRENCE J. McCABE, ESQUIRE - ID # 16496
        MARC S. WEISBERG, ESQUIRE - ID # 17616
        EDWARD D. CONWAY, ESQUIRE - ID # 34687
        MARGARET GAIRO, ESQUIRE - ID # 34419
        ANDREW L. MARKOWITZ, ESQUIRE - ID # 28009
        HEIDI R. SPIVAK, ESQUIRE - ID.#74770
        MARISA J. COHEN, ESQUIRE - ID # 87830
        KEVIN T. McQUAIL, ESQUIRE - ID # 307169
        CHRISTINE L. GRAHAM, ESQUIRE - ID # 309480
        BRIAN T. LaMANNA, ESQUIRE - ID # 310321
123 South Broad Street, Suite 2080
Philadelphia, Pennsylvania 19109
(215) 790-1010

| | |
|---|---|
| MetLife Home Loans, A Division of MetLife Bank, N.A. <br><br> Plaintiff <br><br> v. <br><br> Janice A. Goins, Administratrix of The Estate of Maxey Lee, Deceased Mortgagor and Real Owner <br><br> Defendant | PHILADELPHIA COUNTY <br> COURT OF COMMON PLEAS <br><br> August Term 2011 <br> Number 00592 |

### ASSESSMENT OF DAMAGES AND ENTRY OF JUDGMENT

TO THE PROTHONOTARY:

      Kindly enter judgment by default in favor of Plaintiff and against Defendant in the above-captioned matter

for failure to answer Complaint as required by Pennsylvania Rules of Civil Procedure and assess damages as follows:

| | | |
|---|---|---|
| Principal | $ | 60,377.69 |
| Interest from 05/01/11 to 10/19/11 | $ | 1,377.72 |
| | | |
| Total | $ | 61,755.41 |

*Margaret Gairo* (signature)

Margaret Gairo, Esquire
Attorney for Plaintiff

      AND NOW, this ____ day of _____, 2011, Judgment is entered in favor of Plaintiff, MetLife

Home Loans, A Division of MetLife Bank, N.A., and against Defendant, Janice A. Goins, Administratrix of The

Estate of Maxey Lee, Deceased Mortgagor and Real Owner, and damages are assessed in the amount of $61,755.41,

plus interest and costs.

                                       BY THE PROTHONOTARY:

Case ID: 110800592
Case ID: 121101270

McCABE, WEISBERG AND CONWAY, P.C.
BY: TERRENCE J. McCABE, ESQUIRE - ID # 16496     **Attorneys for Plaintiff**
  MARC S. WEISBERG, ESQUIRE - ID # 17616
  EDWARD D. CONWAY, ESQUIRE - ID # 34687
  MARGARET GAIRO, ESQUIRE - ID # 34419
  ANDREW L. MARKOWITZ, ESQUIRE - ID # 28009
  HEIDI R. SPIVAK, ESQUIRE - ID #74770
  MARISA J. COHEN, ESQUIRE - ID # 87830
  KEVIN T. McQUAIL, ESQUIRE - ID # 307169
  CHRISTINE L. GRAHAM, ESQUIRE - ID # 309480
  BRIAN T. LaMANNA, ESQUIRE - ID # 310321
123 South Broad Street, Suite 2080
Philadelphia, Pennsylvania 19109
(215) 790-1010

| | |
|---|---|
| MetLife Home Loans, A Division of MetLife Bank, N.A. | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| Plaintiff | |
| v. | August Term 2011 Number 00592 |
| Janice A. Goins, Administratrix of The Estate of Maxey Lee, Deceased Mortgagor and Real Owner | |
| Defendant | |

## AFFIDAVIT OF NON-MILITARY SERVICE

COMMONWEALTH OF PENNSYLVANIA:
       SS.
COUNTY OF PHILADELPHIA:

   The undersigned, being duly sworn according to law, deposes and says that the Defendant, Janice A. Goins,

Administratrix of The Estate of Maxey Lee, Deceased Mortgagor and Real Owner, is not in the Military or Naval

Service of the United States or its Allies, or otherwise within the provisions of the Soldiers' and Sailors' Civil Relief

Act of Congress of 1940 as amended; and that the Defendant, Janice A. Goins, Administratrix of The Estate of

Maxey Lee, Deceased Mortgagor and Real Owner, is over eighteen (18) years of age, and reside as follows:

Janice A. Goins, Administratrix of The Estate of
Maxey Lee, Deceased Mortgagor and Real Owner
925 MacMurtry Court
Marinez, California 94553

SWORN AND SUBSCRIBED
BEFORE ME THIS ___ DAY
OF _____, 2011

_____
NOTARY PUBLIC
[notary seal stamp]
City of Philadelphia, Philadelphia County
MY COMMISSION EXPIRES JAN. 12, 2014

_____
Margaret Gairo, Esquire
Attorney for Plaintiff

Case ID: 110800592
Case ID: 121101270

McCABE, WEISBERG AND CONWAY, P.C.
BY:   TERRENCE J. McCABE, ESQUIRE - ID # 16496          **Attorneys for Plaintiff**
      MARC S. WEISBERG, ESQUIRE - ID # 17616
      EDWARD D. CONWAY, ESQUIRE - ID # 34687
      MARGARET GAIRO, ESQUIRE - ID # 34419
      ANDREW L. MARKOWITZ, ESQUIRE - ID # 28009
      HEIDI R. SPIVAK, ESQUIRE - ID #74770
      MARISA J. COHEN, ESQUIRE - ID # 87830
      KEVIN T. McQUAIL, ESQUIRE - ID # 307169
      CHRISTINE L. GRAHAM, ESQUIRE - ID # 309480
      BRIAN T. LaMANNA, ESQUIRE - ID # 310321
123 South Broad Street, Suite 2080
Philadelphia, Pennsylvania 19109
(215) 790-1010

| | |
|---|---|
| MetLife Home Loans, A Division of MetLife Bank, N.A. <br><br> Plaintiff <br><br> v. <br><br> Janice A. Goins, Administratrix of The Estate of Maxey Lee, Deceased Mortgagor and Real Owner <br><br> Defendant | PHILADELPHIA COUNTY <br> COURT OF COMMON PLEAS <br><br><br> August Term 2011 <br> Number 00592 |

### CERTIFICATION

The undersigned hereby certifies that he is the attorney for Plaintiff, being duly sworn according to law,

deposes and says that he deposited in the United States Mail a letter notifying the Defendant that judgment would be

entered against him/her within ten (10) days from the date of said letter in accordance with Rule 237.5 of the

Pennsylvania Rules of Civil Procedure.  A copy of said letter is attached hereto and marked as Exhibit "A".


SWORN AND SUBSCRIBED             Margaret Gairo, Esquire
BEFORE ME THIS ___ DAY           Attorney for Plaintiff
OF _____, 2011

NOTARY PUBLIC

N____ _____ _____
Barbara J. _____ Notary Public
City of Philadelphia, Philadelphia County
MY COMMISSION EXPIRES JAN. 12, 2016

Case ID: 110800592

Case ID: 121101270

## VERIFICATION

The undersigned attorney hereby certifies that she is the Attorney for the Plaintiff in the within action, and that she is authorized to make this verification and that the foregoing facts based on the information from the Plaintiff's representative, who is out of jurisdiction and not available to sign this verification at this time, are true and correct to the best of her knowledge, information and belief and further states that false statements herein are made subject to the penalties of 18 PA.C.S. §4904 relating to unsworn falsification to authorities.

Margaret Gairo, Esquire
Attorney for Plaintiff

Case ID: 110800592
Case ID: 121101270

Request for Military Status                                                          Page 1 of 2

Department of Defense Manpower Data Center                              Oct-18-2011 06:17:37



Military Status Report
Pursuant to the Service Members Civil Relief Act

| ◄ Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| LEE | MAXEY | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

10/18/2011
Case ID: 110800592

Case ID: 121101270

*More information on "Active Duty Status"*
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.
Report ID:2RI72GIC4O

Request for Military Status

Page 1 of 2

Department of Defense Manpower Data Center

Oct-19-2011 07:13:08



Military Status Report
Pursuant to the Service Members Civil Relief Act

| ◄ Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| GOINS | JANICE | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

10/19/2011
Case ID: 110800592

Case ID: 121101270

*More Information on "Active Duty Status"*

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided. Report ID:HEVEHTSS0T

10/19/201
Case ID: 110800592

Case ID: 121101270

**OFFICE OF THE PROTHONOTARY**
**COURT OF COMMON PLEAS**
Philadelphia County Courthouse, Philadelphia, Pennsylvania 19107

56576
10

Joseph H. Evers
Prothonotary

September 26, 2011

To:   Janice A. Goins, Administratrix of The Estate of
Maxey Lee, Deceased Mortgagor and Real Owner
925 MacMurtry Court
Marinez, California 94553

| | |
|---|---|
| MetLife Home Loans, A Division of MetLife Bank, N.A. vs. Janice A. Goins, Administratrix of The Estate of Maxey Lee, Deceased Mortgagor and Real Owner | Philadelphia County Court of Common Pleas August Term 2011 Number 00592 |

NOTICE, RULE 237.5
NOTICE OF PRAECIPE TO ENTER JUDGMENT BY DEFAULT

**IMPORTANT NOTICE**

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street
11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

**NOTIFICACION IMPORTANTE**

USTED SE ENCUENTRA EN ESTADO DE REBELDIA POR NO HABER PRESENTADO UNA COMPARECENCIA ESCRITA, YA SEA PERSONALMENTE O POR ABOGADO Y POR NO HABER RADICADO POR ESCRITO CON ESTE TRIBUNAL SUS DEFENSAS U OBJECIONES A LOS RECLAMOS FORMULADOS EN CONTRA SUYO. AL NO TOMAR LA ACCION DEBIDA DENTRO DE DIEZ (10) DIAS DE LA FECHA DE ESTA NOTIFICACION, EL TRIBUNAL PODRA, SIN NECESIDAD DE COMPARECER USTED EN CORTE U OIR PRUEBA ALGUNA, DICTAR SENTENCIA EN SU CONTRA Y USTED PODRIA PERDER BIENES U OTROS DERECHOS IMPORTANTES.

USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMACIÓN ACERCA DE EMPLEAR A UN ABOGADO.

SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACIÓN ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGÚN HONORARIO.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street
11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

BY: _____
Attorneys for Plaintiff
TERRENCE J. McCABE, ESQUIRE
MARC S. WEISBERG, ESQUIRE
EDWARD D. CONWAY, ESQUIRE
MARGARET GAIRO, ESQUIRE
ANDREW L. MARKOWITZ, ESQUIRE
CHRISTINE L. GRAHAM, ESQUIRE

hm

Case ID: 110800592

Case ID: 121101270