IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANICE GOINS, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| METLIFE HOME LOANS, A | : | |
| DIVISION OF METLIFE BANK, N.A. | : | |
| AND MCCABE, WEISBERG AND | : | |
| CONWAY, P.C., | : | NO. 12-CV-6639 |
|     Defendants. | : | |

## MEMORANDUM OPINION

LINDA K. CARACAPPA                                                             October 24, 2014
UNITED STATES MAGISTRATE JUDGE

       Presently before this court is the Motion to Dismiss filed by Defendant McCabe, Weisberg and Conway, P.C. (Docket No. 8), the Joinder in the Motion to Dismiss of Defendant McCabe, Weisberg and Conway, P.C. filed by Defendant MetLife Home Loans, A Division of MetLife Bank, N.A. (Docket No. 11), and Plaintiff's Responses (Documents Nos. 12, 13). For the following reasons, defendants' motions are granted.

I.     FACTS AND PROCEDURAL HISTORY

       This action arises out of an allegedly improper <u>in personam</u> judgment taken against plaintiff in response to a Pennsylvania state foreclosure <u>in rem</u> action. The following facts are viewed in the light most favorable to plaintiff.

       On January 4, 2010, plaintiff's mother Maxey Lee ("Lee") executed and delivered a mortgage on the premises located at 183 North 60th Street, Philadelphia, Pennsylvania 19151 (the "Property") to Genworth Financial Home Equity Access, Inc., formerly known as Liberty Reverse Mortgage, Inc. ("Genworth Financial"). Pl.'s Compl. ¶ 10. Thereafter, Genworth

1

Financial assigned the mortgage to Defendant MetLife Home Loans, A Division of MetLife Bank, N.A. ("MetLife").  Id. ¶ 11.

On July 23, 2010, Lee passed away, and Lee's daughter, the plaintiff, was named administrator of her estate.  Id. ¶¶ 2, 9.  Subsequent to Lee's passing, the Property's mortgage entered into default, and on August 3, 2011, MetLife, through its counsel, Defendant McCabe, Weisberg and Conway, P.C. ("McCabe"), filed a foreclosure action in the Philadelphia County Court of Common Pleas against plaintiff as the administrator of Lee's estate seeking an in rem judgment in the amount of $60,377.69, plus interest and costs.  Id. ¶¶ 12, 14, 15.  On October 20, 2011, McCain secured a default judgment on behalf of MetLife in the amount of $61,755.41.  Id. ¶ 16.  While the foreclosure action specifically stated that MetLife was seeking an in rem judgment, the default judgment was silent on the issue, and did not specifically state whether the award was an in rem judgment or an in personam judgment.

On March 14, 2012, plaintiff was attempting to purchase a home when she learned that the above-referenced judgment was erroneously reported as a personal judgment against her and appeared on her credit report.  Id. ¶ 22.  Moreover, plaintiff alleges she was turned down for two loans as a result.  Id. ¶ 29.

On November 13, 2012, plaintiff commenced an action in the Court of Common Pleas in Philadelphia County against MetLife and McCabe alleging five counts.  In Count I, plaintiff alleges that defendant MetLife, acting as a creditor, and defendant McCabe, acting as a debt collector, falsely reported to all three major credit reporting agencies that the above-referenced mortgage foreclosure judgment was a judgment against the personal property of plaintiff, when it was not, in violation of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA").  Moreover, plaintiff alleges that defendants reported this information to the credit

2

reporting agencies with malice or willful intent to injure plaintiff.  In Count II, filed against McCabe only, plaintiff alleges that defendant McCabe, acting as a debt collector, intentionally took a personal judgment against plaintiff, acting with malice or willful intent to injure plaintiff, in violation of the Fair Debt Collection Practices Act ("FDCPA").  In Count III, plaintiff asserts that defendants McCabe and MetLife engaged in unfair methods of competition and/or deceptive conduct, in violation of the Pennsylvania Unfair Trade Practices & Consumer Protection Law ("UTPCPL").  In Count IV, plaintiff alleges that both defendants defamed her credit by falsely reporting to credit companies that the judgment at issue was a personal judgment against plaintiff.  Plaintiff further alleges that MetLife and McCabe acted with malice or willful intent to injure plaintiff.  Finally, in Count V plaintiff alleges that MetLife and McCabe were negligent and breached their duty to take reasonable and ordinary care in (i) seeking an <u>in rem</u> judgment against plaintiff and (ii) reporting to the credit companies that the <u>in rem</u> judgment was an <u>in personam</u> judgment against plaintiff.

On November 19, 2012, the defendants timely removed the action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441 and 1446.

On January 4, 2013, a motion to dismiss was filed by defendant McCabe.  On January 11, 2013, defendant MetLife filed a joinder in McCabe's motion to dismiss.  Plaintiff filed responses to defendants' motions on January 17, 2013.  Thereafter, the parties consented to jurisdiction before the undersigned.

II.     STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To avoid dismissal, the complaint must set forth facts that raise a "plausible inference" that the defendant

3

inflicted a legally cognizable harm upon the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 682 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (explaining plaintiff must "identify[] facts that are suggestive enough to render [his claim] plausible"); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("[A] plaintiff must 'nudge [his or her] claims across the line from conceivable to plausible' in order to survive a motion to dismiss.") (citations omitted). Conclusory allegations of liability do not suffice. See Iqbal, 556 U.S. at 679. Courts must disregard "formulaic recitation of the elements of a cause of action . . .". Twombly, 550 U.S. at 555.

A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant. Gross v. German Found. Indus. Initiative, 549 F.3d 605, 610 (3d Cir. 2008). Legal conclusions receive no such deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1886) (cited with approval in Twombly, 550 U.S. at 555 (citations omitted)). Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently "permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679. In short, when the well-pleaded complaint does not permit us "to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

III.   DISCUSSION

   A.   Count II[1]

      1. Liability under the Fair Debt Collection Practices Act

Plaintiff argues that defendant McCabe, acting as a debt collector, violated the FDCPA, 15 U.S.C. §§ 1692 – 1692p, by intentionally taking a personal judgment against plaintiff in the amount of $61,755.41, rather than taking an in rem judgment as set forth in the mortgage foreclosure complaint. Pl.'s Compl. ¶ 32. Plaintiff further alleges that in taking the personal judgment, McCabe acted with malice or willful intent to injure plaintiff. Id. ¶ 33.

Congress passed the FDCPA to "eliminate abusive debt collection practices" while simultaneously ensuring that honest debt collectors "are not competitively disadvantaged." 15 U.S.C. § 1692. The FDCPA provides a cause of action where a debt collector "use[s] any false, deceptive, or misleading representation or means in connection with the collection of any debt." False representation of the character, amount, or legal status of any debt similarly violates the FDCPA. See id. § 1692e(2)(A). To establish a prima facie case for a violation of the FDCPA, a plaintiff must prove: (i) she is a natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of 15 U.S.C. §§ 1692a(3), 1692(d) for purposes of a cause of action;[2] (ii) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes;[3] (iii) the defendant is a "debt collector" within the meaning of 15 U.S.C. §

---

[1] For ease of discussion, Count II, which references a federal cause of action, is discussed first.

[2] The term "consumer" means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

[3] The FDCPA defines "debt" as "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

1692a(6); [4] and (iv) the defendant has violated, by act or omission, a provision of the FDCPA. FDCPA claims are analyzed from the perspective of the "least sophisticated debtor." Brown v. Card Serv. Ctr._, 464 F.3d 450, 453–54 (3d Cir. 2006). The least sophisticated debtor standard is intended to protect "the gullible as well as the shrewd." Campuzano–Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 298 (3d Cir. 2008).

   Defendant McCabe argues that plaintiff's claim must fail because McCabe did not take, and could not have taken, a personal judgment against plaintiff. See, e.g., Insilo Corp. v. Rayburn, 374 Pa. Super. 362, 368 (1998) ("An action in mortgage foreclosure [in Pennsylvania] is strictly an in rem action and may not include an in personam action to enforce personal liability."). Defs.' Mot. to Dismiss, ECF No. 12. McCabe argues that plaintiff, in her complaint, admits that the Property foreclosure complaint filed by McCabe on behalf of MetLife specifically sought an in rem judgment. Id. at 5-6. As such, McCabe argues that plaintiff has not explained how MetLife could have received an in personam judgment when it did not seek such a judgment in its pleadings. Id. at 6. Further, McCabe asserts that the default judgment it filed on behalf of MetLife was consistent with standard default judgment forms that have been used in Pennsylvania's foreclosure practice. Id. at 8. McCabe also argues that plaintiff's claim must fail, because McCabe has not attempted to collect a debt from plaintiff. Id. at 12. In response, plaintiff alleges that she is protected by the FDCPA. Pl.'s Resp., ECF No. 8.

---

[4] A "debt collector" under the statute is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

2. <u>Plaintiff's Prima Facie Case</u>

In connection with the first prong of plaintiff's prima facie case, plaintiff argues that as the administrator of her mother's estate, she is protected under the FDCPA, and we agree. When dealing with communications in connection with debt collection, the FDCPA states: "For the purpose of this section, the term 'consumer' includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c. As the administrator of her mother's estate, plaintiff would be considered a "consumer" within the context of a communication made for the collection of a debt. Moreover, with regard to the second prong of plaintiff's prima facie case, the "debt" at issue, a mortgage on plaintiff's mother's estate, comports with the FDCPA's definition. As such, plaintiff meets the requirements of steps (i) and (ii) of her prima facie case.

Defendant McCabe has argued that plaintiff's case cannot satisfy the third prong of her prima facie case, because McCabe has not attempted to collect a debt from plaintiff. Defs.' Mot. to Dismiss, ECF No. 12. Whether or not plaintiff has sufficiently alleged that McCabe has attempted to collect a debt from plaintiff, absent evidence to the contrary, we find that McCabe meets the definition of a "debt collector" as defined by the FDCPA. The Supreme Court has stated that attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that act. <u>See</u> <u>Heintz v. Jenkins</u>, 514 U.S. 291 (1995). Moreover, the Third Circuit Court of Appeals has held that a defendant was a "debt collector" based on the volume of <u>in rem</u> mortgage foreclosure actions he had filed in the Court of Common Pleas. <u>See</u> <u>Crossley v. Lieberman</u>, 868 F.2d 566 (3d Cir. 1989). Although this court does not have, at this stage in the litigation, precise information regarding the number of <u>in rem</u> mortgage foreclosure cases

7

defendant McCabe has filed in Pennsylvania, for purposes of this court's analysis, we will assume that McCabe regularly engages in mortgage foreclosure litigation based on the absence of any contrary assertions or proffer by McCabe. As a result, plaintiff's claim would satisfy the third prong of her prima facie case.

Regarding step four of plaintiff's prima facie case, and accepting the truth of all factual allegations in the complaint and drawing all reasonable inferences in favor of the non-movant, we find that plaintiff has not alleged sufficient facts to support a plausible claim that defendant violated, by act or omission, a provision of the FDCPA, and as a result, plaintiff's FDCPA claim is dismissed. Although plaintiff alleges that McCabe sought an <u>in personam</u> judgment against plaintiff on behalf of MetLife, plaintiff's complaint does not support a plausible claim that conduct attributed to McCabe constituted false, deceptive, or misleading acts as proscribed by the FDCPA. <u>See, e.g.</u>, 15 U.S.C. § 1692e. Although plaintiff alleges that McCabe "intentionally took a personal judgment against her," and did so with "malice or willful intent to injure," plaintiff does not present any facts in support of her claim that would nudge her allegations from speculative to plausible. Pl.'s Compl. ¶ 32, 33. When McCabe filed the Property foreclosure complaint on behalf of MetLife, the foreclosure complaint stated: "[MetLife] does not hold the [plaintiff] personally liable on this cause of action and releases [her] from any personal liability. This action is being brought to foreclose [her] interest in the aforesaid real estate only." Moreover, the default judgment McCabe filed with the prothonotary on behalf of MetLife constituted a form judgment that is consistent with default judgments typically filed in foreclosure actions in Pennsylvania. The default judgment also comported with

the Pennsylvania Rules of Civil Procedure.[5] Thus, if plaintiff's credit report includes information different from the judgment sought, plaintiff does not allege how the default judgment McCabe filed with the prothonotary is to blame. As such, plaintiff's allegations have insufficient factual support to state a plausible claim for relief. See, e.g., Iqbal, 556 U.S. at 679. Therefore, we grant defendant MetLife's Motion to Dismiss as to Count II of the complaint.

B. Count I

1. Liability Under the Pennsylvania Fair Credit Extension Uniformity Act

In Count I, plaintiff alleges that defendant MetLife, acting as a creditor, and defendant McCabe, acting as a debt collector, falsely reported to all three major credit reporting agencies that the mortgage foreclosure judgment relating to the property was a personal judgment against plaintiff, not an in rem judgment, in violation of the FCEUA, 73 Pa. Stat. Ann. §§ 2270.1 – 2270.6. Pl.'s Compl. ¶ 27. In addition, plaintiff alleges that defendants made the false report with malice or willful intent to injure plaintiff. Id. ¶ 28.

The FCEUA sets forth the guidelines regulating "unfair or deceptive acts or practices with regard to the collection of debts," and it provides a more narrow definition of a debt collector than the FDCPA . 73 Pa. Stat. Ann. § 2270.2. The FCEUA defines a debt collector as "a person not a creditor . . . collecting a debt owed or alleged to be owed a creditor or assignee of a creditor." Id. § 2270.3. The statute further states that a debt collector does not include a person "serving or attempting to serve legal process on another person in connection with the judicial enforcement of a debt." Id.

---

[5] The Pennsylvania Rules of Civil Procedure state that the procedure in a foreclosure action "shall be in accordance with the rules relating to civil action." Pa.R.C.P.No. 1141(b). These rules state: "The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint . . .," and "[t]he prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain . . .". Id. at 1037(b), 1037(b)(1).

Defendants McCabe and MetLife allege that plaintiff's FCEUA claims should be dismissed, because (i) plaintiff does not offer a factual basis for her conclusions of liability, (ii) the subject of the claim falls within the purview of the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq., which preempts state causes of action concerning debt collection and the reporting of certain credit-related information, and (iii) McCabe is not a debt collector as defined by Section 2270.3 of the FCEUA.  Defs.' Mot. to Dismiss, ECF No. 9-11.  In plaintiff's responses to defendants' motions to dismiss, plaintiff reasons that her FCEUA claim should not be dismissed, because the preemption provisions of the FCRA only apply to credit reporting agencies or users of credit reports, whereas McCabe is a debt collector.  Pl.'s Resp., ECF No. 9.  For the reasons stated below, we dismiss plaintiff's FCEUA claims, with prejudice, because they are preempted by the FCRA.

2.  Preemption Under § 1681t(b)(1)(F)

In response to plaintiff's allegation that defendants MetLife and McCabe have violated the FCEUA, defendants argue that plaintiff's FCEUA claim is preempted by the FCRA and should be dismissed.  Defs.' Mot. to Dismiss, ECF No. 9.  In their motions to dismiss, defendants point to § 1681t(b)(1)(F), a preemptory provision in the FCRA, which states, in relevant part:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F).  Section 1681s-2 requires furnishers of consumer information to credit reporting agencies to take particular measures to ensure that the furnished information is accurate.  The provision provides that "a person shall not furnish any information relating to a

consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." Id. § 1681s-2(a)(1)(A).

In response to defendants' argument, plaintiff argues that "the preemption provisions of the FCRA, specifically 15 U.S.C. § 1681h(e), apply only to credit reporting agencies or users of credit reports who have taken adverse action against someone based upon information in the person's credit report."[6] Pl.'s Resp., ECF No. 8.

While we agree with plaintiff that § 1681h(e) does not apply to a furnisher of information who did not transfer information pursuant to §§ 1681g, h, or m, [7] plaintiff ignores that §§ 1681t(b)(1)(F) and 1681s-2 (discussed supra) apply directly to furnishers of information to credit reporting agencies. See, e.g., Grossman v. Trans Union, LLC, 992 F. Supp. 2d 495, 499 (E.D. Pa. 2014) (stating "upon a closer look at the language of § 1681h(e), it is clear that § 1681h(e) does not apply to a furnisher of information who did not transfer information pursuant to §§ 1681g, h, or m" whereas "§ 1681t(b)(1)(F) [applies] to furnishers of information about consumer behavior regulated under § 1681s–2").[8] As such, we now turn to the question of whether plaintiff's FCEUA claim is preempted by the FCRA.

---

[6] Section 1681h(e) is an older preemption provision of the FCRA, which provides:

> No consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken an adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

[7] These sections govern disclosures to consumers and the duties of users of consumer reports.

[8] In addition, while plaintiff has alleged that defendant McCabe constitutes a debt collector under the FCEUA, we disagree with that allegation and find that McCabe is not a debt collector under the narrower interpretation of the

The Third Circuit Court of Appeals "has never directly held that § 1681t(b)(1)(F) preempts both statutory and common law claims, though it has cited with approval to other Circuit opinions that adopt [such an] approach to other sections of § 1681t(b)." Grossman, 992 at 498-99 (referencing Roth v. Norfalco LLC, 651 F.3d 367 (3d Cir. 2011) (citing Premium Mortgage Corp. v. Equifax Inc., 583 F.3d 103, 106 (2d Cir. 2009) (interpreting "no requirement or prohibition" in § 16811t(b)(1)(A) to mean both statutory and common law actions))). Moreover, case law interpreting preemption provisions in other statutes supports reading § 1681t(b)(1)(F) as "a blanket preemption provision." Grossman, 992 at 498. See, e.g., Riegel v. Medtronic, Inc., 552 U.S. 312, 324 2008) ("Absent other indication, reference to a State's 'requirements' includes its common-law duties."); Roth, 651 F.3d at 376 (finding Hazardous Material Transportation Act's ("HMTA") provision on "non-federal requirements" preempted plaintiff's state common law negligence and strict liability claims). But see Bates v. Dow Agrosciences LLC, 544 U.S. 431, 443, (2005) ("While the use of 'requirements' in a preemption clause could affect both statutory and common law claims, this was not 'invariably' the case."). As such, district courts within the Third Circuit have adopted the approach that § 1681t(b)(1)(F) preempts both statutory and common law actions asserted against furnishers of information to credit reporting agencies. See, e.g., Grossman, 992 F. Supp. 2d at 500 ("[Section] 1681t(b)(1)(F) preempts all state law claims with respect to all subject matter regulated under § 1681s-2 asserted against furnishers of information to credit reporting agencies."); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 448–51 (D.N.J. 2010) (holding § 1681t(b)(1)(F) preempts both state statutory and common law claims). Although some courts have questioned whether the FCRA

---

FCEUA. Plaintiff provides no factual allegations that raise a plausible inference that McCabe took any action other than that of legal action in connection with judicial enforcement of a debt. See 73 Pa. Stat. Ann. § 2270.3.

preempts common law causes of action, district courts within the Third Circuit have largely accepted that the FCRA preempts state statutory claims. See, e.g., Manno v. Am. Gen. Fin. Co., 439 F. Supp. 2d 418, 424, 430 (E.D. Pa. 2006) (finding § 1681t(b)(1)(F) preempts only state statutory claims).

We agree with the decisions of Grossman and Burrell and hold that § 1681t(b)(1)(F) of the FCRA preempts plaintiff's state statutory FCEUA claim. Plaintiff's Count I claim is therefore dismissed, with prejudice. In light of our decision to dismiss plaintiff's claim, we will not analyze defendant's alternative arguments regarding whether plaintiff pled sufficient facts to state a claim.

    C.    Count III

In Count III, plaintiff requests relief under the UTPCPL, 73 Pa. Cons. Stat. § 201-2. First, plaintiff alleges that defendants MetLife and McCabe engaged in "unfair methods of competition and/or deceptive conduct" in violation of the catch-all provision of the UTPCPL, 73 P.S. § 201-2(xxi), which prohibits "[e]ngaging in any other false or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(xxi); Pl.'s Compl. ¶ 40. In support of plaintiff's claim, plaintiff points to defendants' alleged violations of the FCEUA and the FDCPA. Second, plaintiff alleges that defendants' violations of the FCEUA and the FDCPA constitute a per se violation of the UTPCPL. Pl.'s Compl. ¶ 41.

Defendants argue that plaintiff cannot sustain her FCEUA and FDCPA claims, and as a result, plaintiff's UTPCPL per se claim must also fail. Defs.' Mot. to Dismiss, ECF No. 12.

The UTPCPL provides a private right of action for FCEUA violations. See 73 Pa.Stat.Ann. § 2270.5(a) ("If a debt collector or creditor engages in an unfair or deceptive debt

collection act or practice under [the FCEUA], it shall constitute a violation of ... the Unfair Trade Practices and Consumer Protection Law."). Accordingly, an FCEUA violation constitutes a UTPCPL violation, per se.

Although a violation of the FCEUA is a per se violation of the UTPCPL, contrary to defendants' assertions, violations of the UTPCPL can stand independently. See, e.g., Reilly v. Ne. Revenue Servs., LLC, 2013 WL 3974181 (M.D. Pa. 2013); Magness v. Walled Lake Credit Bureau, LLC, 2013 WL 1311093 (E.D. Pa. 2013) ("While Defendants correctly assert that an FCEUA violation constitutes a per se UTPCPL violation, the inverse of this statement lacks legal and logical support. One may violate the UTPCPL in a number of manners, and one need not assert a cognizable FCEUA claim in order to assert a valid UTPCPL claim.").

Notwithstanding the above, we find that plaintiff's state statutory UTPCPL claim is preempted by § 1681t(b)(1)(F) of the FCRA for the reasons discussed supra, and as such, Count III is dismissed with prejudice.

    D.    Counts IV and V

Plaintiff, in Count IV of her complaint, alleges that the defendants McCabe and MetLife defamed plaintiff's credit by falsely reporting to three major credit reporting agencies, with malice or willful intent to injure plaintiff, that the mortgage foreclosure judgment relating to the Property was a personal judgment against plaintiff. Pl.'s Compl. ¶ 45. In Count V of her complaint, plaintiff alleges that defendants owed a duty to plaintiff to exercise reasonable and ordinary care. Id. ¶ 49. Plaintiff alleges defendants breached that duty and were negligent in (i) taking an in personam judgment when foreclosing upon the Property, and (ii) reporting to three major credit reporting agencies that the mortgage foreclosure judgment relating to the Property was a personal judgment against plaintiff. Id. at 50-51.

Defendants argue that plaintiff's claims in Count IV and V are preempted by 15 U.S.C. § 1681h(e) of the FCRA, because plaintiff has not sufficiently pled that defendants acted with malice or willful conduct.[9]  Defs.' Mot. to Dismiss, ECF No. 13, 14.  Moreover, with respect to Count IV, defendant McCabe argues that in order to state a claim for defamation, plaintiff must allege that there was publication of the false or defamatory material, and here, plaintiff has not expressly alleged that defendant McCabe published any information.  Id. at 13.  In response, plaintiff states that "as long as the plaintiff alleges that the false information was furnished with malice or will intent to injure that plaintiff," her claim is not preempted.  Pl.'s Resp., ECF No. 9.

Although defendants look to § 1681h(e) to argue that plaintiff's common law defamation and negligence claims are preempted, this court has held, supra, that § 1681h(e) does not apply to furnishers of credit information in this instance.  Section 1681t(b)(1)(F), however, does apply to defendants.  Because we have adopted the approach that § 1681t(b)(1)(F) preempts both statutory and common law claims of the nature plaintiff is alleging, we find that plaintiff's defamation claim under Count IV and plaintiff's negligence claim under Count V are preempted by § 1681t(b)(1)(F) of the FCRA and therefore dismissed with prejudice.

---

[9] Section 1681h(e) of the FCRA states:

> Except as provided in sections 1681n and 1681o . . ., no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m . . ., or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] except as to false information furnished with malice or willful intent to injure such consumer.

15

IV.     CONCLUSION

For the foregoing reasons, defendants' motions to dismiss plaintiff's complaint are granted in their entirety.  Counts I, III, IV, and V are dismissed with prejudice and without leave to amend, because the court concludes said counts are preempted by the FCRA, and, therefore, amendment would be futile.  Count II is dismissed with prejudice and without leave to amend, because plaintiff has not alleged sufficient facts to support a plausible claim for relief, and plaintiff has not requested leave to amend her complaint.[10]

An appropriate order follows.

BY THE COURT:


  /S/ LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE


Additional Note:  Brittany Gigliotti, Esq. made significant contributions to the research and drafting of this memorandum.

---

[10] The Third Circuit has stated "in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007).  Here, upon plaintiff's receipt of defendants' motions to dismiss, plaintiff responded to the motions on the merits and did not request leave to amend her complaint.  The Third Circuit rarely permits a plaintiff to amend a complaint sua sponte outside of the context of a civil rights case.  See id. at 252.  As such, we will not grant leave to amend.